**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Anderson Bryan-Lever

    v.                                        Civil No. 23-cv-180-SE

Warden, FCI Berlin

### Report and Recommendation

Anderson Bryan-Lever is a prisoner at the Federal Correctional Institution in Berlin, New Hampshire ("FCI Berlin"). Proceeding pro se, Bryan-Lever brings a petition for a writ of habeas corpus (doc. no. 1), pursuant to 28 U.S.C. § 2241, to have his sentence reduced by crediting the time he was incarcerated in Bogata, Colombia, before he was extradited to the United States, toward the sentence he is now serving. The Warden moves for summary judgment on the grounds that this district is not the proper venue for this action or, alternatively, that Bryan-Lever did not exhaust administrative remedies.[1]  The motion is referred for a Report and Recommendation. See Fed. R. Civ. P. 72(b); LR 72.1.

### Standard of Review

In a § 2241 action, "[s]ummary judgment is proper 'if the movant shows that there is no genuine dispute as to any material

---

[1] The motion (doc. no. 5) was brought as a motion to dismiss or, in the alternative as a "Motion to Dismiss or for Summary Judgment." The court previously construed the motion as seeking summary judgment.  See Aug. 28, 2023 Order.

fact and the movant is entitled to judgment as a matter of law.'" Yancey v. Warden, FMC Devens, No. 22-cv-11790-DLC, --- F. Supp. 3d ---, 2024 U.S. Dist. LEXIS 4305, at *7, 2024 WL 100932, at *3 (D. Mass. Jan. 9, 2024). No genuine dispute of material fact is shown "if, based on the record, there is no factual determination which a 'rational factfinder' could make as to the existence or nonexistence of a fact that has the potential to change the outcome of the suit." Gibson Found., Inc. v. Norris, 88 F.4th 1, 5 (1st Cir. 2023) (citation omitted).

## Background

Bryan-Lever was indicted on June 12, 2013, in the Middle District of Florida, Tampa Division, on three drug charges. United States v. Bryan-Lever, No. 13-cr-299-RAL-AEP, (M.D. Fl. June 12, 2013) (ECF no. 1). He represents that he was arrested on those charges in Bogata, Colombia in November 2013 and was incarcerated there until he was extradited to Florida in November 2015. In March 2016, he pleaded guilty to Count II of the indictment, see id. (ECF no. 68), and on June 17, 2016, was sentenced to 210 months of incarceration, see id. (ECF no. 77) His sentence later was reduced to 135 months, and an amended judgment was entered on August 15, 2019. See id. (ECF no. 85).

Bryan-Lever filed a request for a reduction in his sentence with the Bureau of Prisons ("BOP") Northeast Regional Office on

September 20, 2022. His request was rejected on October 11, 2022, because he did not first file a request for relief at the institutional level. The record shows no other filing in the administrative process.

Instead, on January 18, 2023, while he was serving his sentence at FCI Berlin, Bryan-Lever filed a motion in his criminal case in the Middle District of Florida, seeking a reduction of his sentence, based, in part, on the time he served in Colombia before extradition. See id. (ECF no. 88). That court denied his motion on February 2, 2023, stating "he must first exhaust his administrative remedies with the Bureau of Prisons before this Court can assume jurisdiction to address this claim." Id. (ECF no. 89). Ten months later, Bryan-Lever filed a motion for a sentence reduction in the Middle District of Florida based on Sentencing Guidelines Amendment 821. See id. (ECF no. 90). That court held that he was not eligible. See id. (ECF. no. 91).

While serving his sentence at FCI Berlin, Bryan-Lever filed the § 2241 petition at issue here. He again seeks to have his sentence reduced by the amount of time he was incarcerated in Colombia before extradition.

**Discussion**

The Warden moves for summary judgment on the grounds that: (1) the court lacks jurisdiction, and (2) venue is not proper in this district. Alternatively, the Warden contends that the petition is barred because Bryan-Lever did not exhaust administrative remedies. In response, Bryan-Lever contends that the court has jurisdiction, and venue is proper in this district, because he was incarcerated at FCI Berlin when he filed the petition. He asserts that his failure to exhaust administrative remedies was due to the lack of response by the BOP and argues that the lack of exhaustion should be overlooked because there is not enough time remaining in his sentence to complete exhaustion. For the reasons that follow, the district judge should find that the court has jurisdiction and venue is proper in this district and should grant the Warden's motion for summary judgment due to Bryan-Lever's failure to exhaust.

A.  Jurisdiction and Venue

The Warden argues, under 28 U.S.C. §§ 2242 and 2243, that because Bryan-Lever is no longer incarcerated in New Hampshire, the court lacks jurisdiction over this matter and venue is not proper in this district. As this court has previously held, however, when a prisoner is moved out of the district after filing a § 2241 petition in this court, the court retains

jurisdiction to decide the petition as long as jurisdiction existed when the petition was filed. See Fox v. Warden, FCI Berlin, No. 21-cv-158-SE, 2022 U.S. Dist. LEXIS 66766, at *8-*9, 2022 WL 1085311, at *3 (D.N.H. Apr. 11, 2022); accord Jones v. Warden, FCI Berlin, 2023 DNH 19, 2023 U.S. Dist. LEXIS 29800, at *2023 WL 2186459, at *1-*2 (D.N.H. Feb. 22, 2023); see also Yancey v. Warden, FMC Devens, No. 22-cv-11790-DLC, --- F. Supp. 3d ---, 2023 U.S. Dist. LEXIS 116684, at *6-*7, 2023 WL 4409852, at *2-*3 (D. Mass. July 7, 2023) (citing cases). The Warden has not shown that a different result pertains in this case.[2]

Specifically, the Warden does not dispute that the court had jurisdiction over Bryan-Lever's § 2241 petition when it was filed and does not argue that venue in this district was improper at that time. Therefore, the district judge should conclude that the court has jurisdiction to decide the petition and venue is proper in this district for that purpose.

B. Exhaustion of Administrative Remedies

Courts have created a common-law requirement that inmates exhaust available administrative remedies before petitioning for

---

[2] Although the Warden raises both jurisdiction and venue, rather than jurisdiction alone, the analysis is the same. As the concurring justices in Rumsfeld v. Padilla, 542 U.S. 426, 451 (2004), wrote, "the question of the proper location for a habeas petition is best understood as a question of personal jurisdiction or venue."

5

relief under § 2241.[3] Rogers v. United States, 180 F.3d 349, 358 (1st Cir. 1999); Hernandez v. Warden FMC Devens, Civil Action No. 23-11330-MPK, 2023 U.S. Dist. LEXIS 161096, at *8, 2023 WL 5939634, at *4 (D. Mass. Sept. 12, 2023) (citing Colorado-Cuero v. Warden, FCI Berlin, Case No. 23-cv-295-JL, 2023 U.S. Dist. LEXIS 123534, at *2, 2023 WL 4565472, at *1 (June 8, 2023), R&R approved, 2023 U.S. Dist. LEXIS 122061, at *1, 2023 WL 4564379, at *1 (D.N.H. July 17, 2023)). To complete administrative exhaustion, an inmate must proceed through four steps, beginning with an informal process in the institution, continuing with a written request to the warden on a BP-9 form, followed by an appeal to the Regional Director on a BP-10 form, and concluding with an appeal to the BOP General Counsel on a BP-11 form. 28 C.F.R. §§ 542.13-15; see also Yancey, 2024 U.S. Dist. LEXIS 4305, at *13-*14, 2024 WL 100932, at *5.

Because failure to exhaust is an affirmative defense, for purposes of summary judgment, the defendant must show that the plaintiff failed to exhaust available administrative remedies.

---

[3] The Warden attributes the exhaustion requirement for § 2241 petitions to the Prison Litigation Reform Act, 28 U.S.C. § 1997e(a). In the First Circuit, however, § 2241 exhaustion is required by common law, not statute. See, e.g., Hernandez v. Warden FMC Devens, Civil Action No. 23-11330-MPK, 2023 U.S. Dist. LEXIS 161096, at *8, 2023 WL 5939634, at *4 (D. Mass. Sept. 12, 2023)); Idada v. Spaulding, 456 F. Supp. 3d 294, 296 (D. Mass. 2020).

Thomas v. Barnstable Cty. Corr. Facility, Civil Action No. 21-cv-10398-ADB, 2023 U.S. Dist. LEXIS 125842, at *21, 2023 WL 4686052, at *9 (D. Mass. July 21, 2023), appeal filed sub nom., Thomas v. Montaldo, No. 23-1643 (1st Cir. Aug. 8, 2023). If that is accomplished, the plaintiff must provide evidence "showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id., 2023 U.S. Dist. LEXIS 125842, at *22, 2023 WL 4686052, at *9 (internal quotation marks and citation omitted). That is, exhaustion is not required when, among other things, the process "operates as a simple dead end," the process is "so opaque that it becomes, practically speaking, incapable of use," and although the process is ostensibly available, the BOP's actions "thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Blevins v. FCI Hazelton Warden, 819 F. App'x 853, 856 (11th Cir. 2020) (quoting Ross v. Blake, 578 U.S. 632, 644(2016)).

  Bryan-Lever acknowledges that he did not exhaust the administrative process. In fact, he only filed a request for a reduction in his sentence with the Regional Director. Bryan-Lever contends, however, that he has no obligation to exhaust because he received no response from the Regional Director.

7

The record, however, establishes that he did receive a response from the Regional Director, which instructed him to begin the administrative remedies process at the institutional level, and that he ignored the Regional Director's response. Instead, Bryan-Lever sought sentence reduction by motion in the sentencing court, which was denied for lack of administrative exhaustion. Then, without addressing the need for administrative exhaustion, Bryan-Lever filed the current § 2241 petition in this court seeking the same relief. Thus, the record shows that administrative remedies were available to Bryan-Lever, but he failed to follow the required steps to exhaust them. In these circumstances, the petition is barred for failure to exhaust administrative remedies.

Bryan-Lever argues, however, that he should not be required to exhaust administrative remedies now because he is due to be released in July 2024. He contends that there is not sufficient time to complete the exhaustion process before he is released. In essence, Bryan-Lever contends that exhausting his administrative remedies now would be futile.

"The common law exhaustion requirement is subject to exception where exhaustion would be futile or inadequate to prevent irreparable harm." Colorado-Cuero, Case No. 23-cv-295-JL, 2023 U.S. Dist. LEXIS 123534, at *3, 2023 WL 4565472, at *2

(June 8, 2023), R&R approved, 2023 U.S. Dist. LEXIS 122061, at *1, 2023 WL 4564379, at *1 (D.N.H. July 17, 2023)). A petitioner does not show futility, however, simply because he waited too long to begin the administrative exhaustion process. Id. Bryan-Lever was instructed to begin the administrative process at the institutional level on October 11, 2022, which was more than a year and a half before his projected release date. His decision to ignore that instruction and instead to file a motion in the sentencing court and then a petition in this court does not create "futility" which excuses him from the exhaustion requirement. Therefore, he has not carried his burden to show that he is entitled to an exception to the administrative exhaustion requirement. See id.

## Conclusion

For the foregoing reasons, the district judge should grant the Warden's motion for summary judgment (doc. no. 5) and dismiss the § 2241 petition, without prejudice to Bryan-Lever's ability to file a new § 2241 action once he exhausts his administrative remedies.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.

Only those issues raised in the objection to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Natl Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

SO ORDERED.

_____
Andrea K. Johnstone
United States Magistrate Judge

February 12, 2024

cc:  Anderson Bryan-Lever, pro se
     Robert J. Rabuck, Esq.